**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **MOOREFIELD CONSTRUCTION, INC. AND THE UNITED STATES FOR THE USE OF MOOREFIELD CONSTRUCTION, INC.,** | § § § § § | |
| **PLAINTIFFS** | § § | |
| **V.** | § § | **A-12-CV-408-AWA** |
| **FPM REMEDIATIONS, INC. AND FIDELITY AND DEPOSIT COMPANY OF MARYLAND,** | § § § § | |
| **DEFENDANTS/THIRD PARTY PLAINTIFFS** | § § § | |
| **TME, INC. AND CORGAN ASSOCIATES, INC.** | § § § | |
| **THIRD PARTY DEFENDANTS** | § | |

## ORDER

Before the Court are Third Party Defendant TME, Inc.'s Motion to Dismiss for Failure to State a Claim (Dkt. #36); Third Party Defendant Corgan Associates, Inc's Motion to Dismiss for Failure to State a Claim (Dkt. #37); Defendant/Third Party Plaintiff FPM's Combined Objection to Third-Party Defendants' Motion to Dismiss (Dkt. #38); Plaintiff Moorefield Construction's Response to the Motions to Dismiss (Dkt. # 40); and Third Party Defendant TME, Inc's Reply (Dkt. #39).

## I.  GENERAL BACKGROUND

On May 8, 2012, Moorefield Construction, Inc. and The United States for the Use of Moorefield Construction, Inc. ("Moorefield") filed this breach of contract action against FPM

Remediations, Inc. ("FPM") and Fidelity and Deposit Company of Maryland ("Fidelity").  FPM had entered into a contract with The United States Army Corps of Engineers to design and build multiple military facilities in Ft. Hood and El Paso, Texas ("Projects").  On June 10, 2009, Moorefield and FPM entered into a subcontract agreement with FPM whereby Moorefield was to serve as subcontractor and manage the construction of the Projects.  Moorefield alleges that it completed all of its work on the Projects but that FPM has refused to fully pay Moorefield in violation of the contracts.  Moorefield alleges that it has suffered $2,924,774.17 in damages as a result of FMP refusing to pay Moorefield its full subcontract balance.  Moorefield alleges breach of contract, a bond claim, quantum meruit and a trust fund and prompt payment violation under the Texas Property Code.

In response to the lawsuit, FMP filed a counterclaim against Moorefield alleging that Moorefield breached its contractual and other obligations owed to FPM by failing to timely, fully and properly complete its work on the Projects.  On July 30, 2013, FPM filed a Third Party Complaint against TME, Inc. ("TME") and Corgan Associates, Inc. ("Corgan"), companies that provided design, engineering and related services for FPM on the Projects.  The Third Party Complaint asserts claims for "common law, contractual and statutory right of indemnity and/or contribution" in the event that Moorefield recovers damages against FPM as a result of some act or omission on the part of TME and/or Corgan.

On January 9, 2013, the District Court consolidated this lawsuit with a similar lawsuit (1:12-CV-771 JRN) Moorefield had filed against FPM in Arizona which was transferred to the Western District of Texas.  After all parties provided the District Court with a Notice, Consent and Reference of a Civil Action to a Magistrate Judge, this case was reassigned to the undersigned. Third Party

2

Defendants TME and Corgan have each filed Motions to Dismiss for Failure to State a Claim pursuant to Federal Rule of Civil Procedure 12(b)(6).  TME and Corgan argue that FPM's Third Party Complaint should be dismissed because FPM failed to file a certificate of merit with its Complaint as is allegedly required under § 150.002 of the Texas Civil Practice & Remedies Code.

## II.  STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) allows for dismissal of an action "for failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  While a complaint attacked by a Rule 12(b)(6) motion does not need detailed factual allegations in order to avoid dismissal, the plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also, Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007).  A plaintiff's obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.*  The Supreme Court recently expounded on the *Twombly* standard, explaining that a complaint must contain sufficient factual matter to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  In evaluating a motion to dismiss, the Court must construe the complaint liberally and accept all of the plaintiff's factual allegations in the complaint as true.  *See In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2009).

## III.  ANALYSIS

Section 150.002 of the Texas Civil Practice & Remedies Code requires a plaintiff seeking damages for professional negligence by a licensed or registered professional, such as an architect or

3

engineer, to file an affidavit attesting to the claim's merit with the complaint.  Tex. Civ. Prac. &

Rem. Code. § 150.002(a).  The affidavit must

> set forth specifically for each theory of recovery for which damages are sought, the
> negligence, if any, or other action, error, or omission of the licensed or registered
> professional in providing the professional service, including any error or omission
> in providing advice, judgment, opinion, or a similar professional skill claimed to
> exist and the factual basis for each such claim.

*Id.* § 150.002(b).  "The plaintiff's failure to file the affidavit in accordance with this section shall

result in dismissal of the complaint against the defendant." *Id.* at § 150.002(e).  Relying on §150.002,

Third Party Defendants TME and Corgan argue that FPM's Third Party Complaint should be

dismissed because FPM failed to file a certificate of merit with its Complaint as required by the

statute.  While FPM concedes that it did not file a certificate of merit with its Complaint, it contends

that § 150.002 is a state procedural rule that does not apply in federal court.  FPM further argues that

even if the requirements of § 150.002 did apply in federal court, it was not required to file a

certificate of merit since the statute only applies to plaintiffs, not third party plaintiffs such as FPM.

**A.      Does Tex. Civ. Prac. & Rem. Code § 150.002 apply in Federal Court?**

Under the *Erie* doctrine,[1] "federal courts sitting in diversity apply state substantive law and

federal procedural law." *Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 427 (1996).  Because

"[c]lassification of a law as 'substantive' or 'procedural' for *Erie* purposes is sometimes a

challenging endeavor," *Erie* and its progeny provide a multi-step inquiry.  *Id.*  However, "[w]hen a

party has alleged a direct conflict between the Federal Rules and state law, [ ] an additional step

precedes the *Erie* analysis." *All Plaintiffs v. All Defendants*, 645 F.3d 329, 333 (5th Cir. 2011) (citing

---

[1] *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938).

*Hanna v. Plumer*, 380 U.S. 460, 469–70 (1965)).  "The initial step is to determine whether, when fairly construed, the scope of [the Rule] is sufficiently broad to cause a direct collision with the state law or, implicitly, to control the issue before the court, thereby leaving no room for the operation of that law."  *Id.* (internal quotation marks omitted).  "In determining whether the Rule covers a particular issue, [courts] look to the plain meaning of the Rule's language." *Id.*  If a direct collision exists, courts must apply the federal rule as long as it does not violate either the Constitution or the Rules Enabling Act.  *Id.*

The Fifth Circuit has not determined whether the certificate of merit filing requirement of § 150.002 is a substantive element of a state law professional negligence claim or whether it is procedural.  *See Menendez v. Wal–Mart Stores, Inc.*, 364 F. App'x 62, 68 n. 7 (5th Cir. 2010) (expressing "no views" in a removed case against an in-state architectural firm as to whether § 150.002 precluded recovery against that defendant and made removal improper).  While a few district courts in this circuit have applied § 150.002 in diversity cases asserting Texas negligence claims, those courts assumed that § 150.002 applied without first analyzing whether it was proper to apply that statute under *Erie*.  See e.g., *Garrison Realty, L.P. v. Fouse Architecture & Interiors, P.C.*, 2011 WL 3740849 (E.D. Tex. Aug. 4, 2011); *Garland Dollar General LLC, v. Reeves Dev., LLC*, 2010 WL 4259818 (N.D. Tex. Oct. 21, 2010); *Harris Const. Co. LTD. v. GGP-Bridgeland, L.P.*, 2010 WL 1945734 (S.D. Tex. May 12, 2010).

In contrast, the only District Court that has addressed the issue in any depth has held that § 150.002 is a procedural rule that does not apply in federal court.  *See Estate of C.A. v. Grier*, 752 F. Supp.2d 763 (S.D. Tex. 2010) (Lee H. Rosenthal, J.).  In Judge Rosenthal found that § 150.002 is a procedural statute that directly collides with applicable Federal Rules of Civil Procedure.

Specifically, the Court found that "[s]ection 150.002 imposes more stringent pleading requirements than Rules 8 and 9 of the Federal Rules of Civil Procedure and therefore conflicts with the federal pleading sufficiency standards." *Id.* at 770.  She also found that § 150.002 was inconsistent with Rules 11 and 26, and therefore "collides with federal law."  *Id.* at 771.

Federal courts outside of the Fifth Circuit have also split on the question of whether a state law certificate of merit filing requirement constitutes a mere procedural rule that does not apply in federal court or a substantive rule that must be applied in federal court.  See *Cornelius v. ECHN Rockville General Hosp.*, 2014 WL 2986688 at * 3 (D. Conn. July 1, 2014) (discussing the split among the courts nationwide on the certificate of merit filing requirement); 19 Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 4511 (2014 Supp.).  Thus, "the applicability of state certification requirements in federal courts remains unresolved."  19 Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 4511(2014 Supp.).  In the end, while the Court finds Judge Rosenthal's opinion in *Grier* persuasive, the Court need not determine whether Tex. Civ. Prac. & Rem. Code. § 150.002 is a procedural rule that does not apply in federal court in order to rule on the Motions to Dismiss in this case.  Even if the Court found that § 150.002 must be followed here, § 150.002 would not apply to a third party plaintiff or defendant asserting indemnity claims, such as FPM.

**B.**     **Section 150.002 and Third Party Claims**

Just last month, in *Jaster v. Comet II Construction, Inc.*, – S.W.3d – , 2014 WL 2994503 at * 11 (Tex. July 3, 2014), the Texas Supreme Court held that the certificate of merit requirement in § 150.002 of the Civil Practice and Remedies Code only "applies to 'the plaintiff' who initiates an action for damages arising out of the provision of professional services by a licensed or registered

professional, and does not apply to a defendant or third-party defendant who asserts such claims." According to the term's common, ordinary meanings, the court reasoned that § 150.002 requires "the plaintiff" to file a certificate of merit in "any [lawsuit] or arbitration proceeding" against a licensed professional, and "the plaintiff" is a party who initiates the "action" or suit, not any party who asserts claims or causes of action within the suit." *Id.* at 6. Thus, "[t]hird-party plaintiffs and cross-claimants do not initiate a lawsuit or legal proceeding" and thus are not plaintiffs under the statute. *Id.* The court further reasoned that:

> Having identified the common meanings of the terms "plaintiff" and "action" as referring to a party who initiates a lawsuit, in contrast to a "claimant" who asserts a claim for relief within a lawsuit, and having determined that the context of those terms supports those common meanings, we conclude that section 150.002's certificate-of-merit requirement applies to a party who initiates the lawsuit, and not to defendants or third-party defendants who assert claims for relief within a suit.

*Id.* at 9.

Based upon the Texas Supreme Court's holding in *Jaster*, the certificate of merit requirements in section 150.002 of the Texas Civil Practice and Remedies Code does not apply to a defendant or third party plaintiff such as FPM. Accordingly, Third Party Defendant TME, Inc.'s Motion to Dismiss for Failure to State a Claim (Dkt. #36) and Third Party Defendant Corgan Associates, Inc's Motion to Dismiss for Failure to State a Claim (Dkt. #37) are without merit and are **HEREBY DENIED**.

SIGNED this 21st day of August, 2014.

_____

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE